UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 20 2012
BROOKLYN OFFICE

------------------------------------------------------------x
DARNELL DAVISON,

               Plaintiff,

-against-

VANESSA REYES, WILLIAM P. NOLAN,
DAVID KELLNER, and
FRANK DeGAETANO,

               Defendants.
------------------------------------------------------------x

<u>**MEMORANDUM & ORDER**</u>

11-cv-167 (ENV) (LB)

**VITALIANO, D.J.**

Plaintiff Darnell Davison, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights before and during his criminal trial in Supreme Court, Queens County. Davison's complaint asserts violations of the Due Process Clause of the Fourteenth Amendment by the investigating police officer (Kellner), the assistant district attorney (DeGaetano), and two court reporters (Reyes and Nolan). Plaintiff seeks both damages and various forms of injunctive relief. Defendants now move to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' motions are granted in their entirety.

## BACKGROUND

The following facts are drawn from Davison's complaint, documents incorporated by reference, and related submissions he has made.[1] All reasonable inferences are construed in plaintiff's

---

[1] While generally limited to the four corners of the complaint on a Rule 12(b)(6) motion, a court may also consider "statements or documents incorporated by reference[] and documents on which the complaint heavily relies." <u>Singh v. Wells</u>, 445 F. App'x 373, 375 (2d Cir. 2011). The complaint is premised on events alleged to have taken place over the course of plaintiff's criminal trial; the undisputed facts surrounding plaintiff's trial are thus "incorporated by reference" into the complaint.



1

favor. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2007).

Davison was arrested on November 1, 2007 on suspicion of rape and other sexual misconduct. He alleges that on that date and during the time leading up to his trial, defendants Kellner and DeGaetano deliberately destroyed exculpatory evidence that would have "lead to [Davison's] exoneration." According to plaintiff, not only did Kellner and DeGaetano destroy exculpatory evidence, but they also conspired to alter trial transcripts for the purpose of convicting plaintiff and preventing him from "winning a new trial on appeal." But, Davison avers, Kellner and DeGaetano were not the only ones conspiring. He also alleges that two court reporters on duty during his trial, Reyes and Nolan, intentionally altered the trial transcript—modifying sections of text and omitting certain portions of the proceedings altogether. Furthermore, Nolan is alleged to have altered plaintiff's sentencing report and sentencing transcripts.

On March 26, 2009, Supreme Court entered judgment against Davison on a jury verdict, convicting him of two counts of rape in the first degree, two counts of criminal sexual act in the first degree, two counts of rape in the third degree, and one count of sexual abuse in the third degree. See People v. Davison, 937 N.Y.S.2d 864, 864 (2d Dep't 2012). Davison claims the malice and injustice visited upon him prior to and during his trial deprived him of due process, thereby causing "plaintiff to sustain an unfair trial, illegal conviction, and deprivation of effective appellate review."

Plaintiff filed his complaint on February 7, 2011. One year later, on February 7, 2012, the Appellate Division, Second Department affirmed the convictions.

## STANDARD OF REVIEW

To withstand a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

---

Id.; see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002).

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. For purposes of Rule 12(b)(6), while a court must presume the truth of all factual allegations in the complaint, the court is not bound to accept the truth of legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986). Indeed, it is the plaintiff's factual allegations that are the heart of his pleading, as "a complaint need not pin plaintiff's claim for relief to a precise legal theory," nor does it need to provide "an exposition of his legal argument." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011). Plaintiff's pleading must "give [the defendant] fair notice of what [plaintiff's] claims are and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992 (2002). In analyzing well-pled facts, a court must draw all reasonable inferences in favor of the plaintiff. See Gorman, 488 F.3d at 591-92.

These standards apply with special force where, as here, a plaintiff is proceeding *pro se*. This Court must apply a standard more flexible than that used to evaluate pleadings submitted by counsel. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Davison's pleadings and brief must thus be construed to "raise the strongest arguments they suggest." Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

The gravamen of plaintiff's complaint is that defendants denied him due process, and those constitutional violations resulted in both his wrongful conviction and effective denial of his right to appeal. Plaintiff's complaint leaves no doubt as to this theory, which he amplifies in his opposition papers: "The plaintiff was convicted due to the deliberate destruction and fabrication of evidence before an indictment, and throughout all proceedings including trial because of crimes charged."

Precisely on point, the Supreme Court has made clear that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

3

unlawfulness would render a conviction or sentence invalid," a state prisoner suing under § 1983 must prove that "the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994). This limitation on § 1983 actions arises from their interplay with the federal habeas corpus statute, 28 U.S.C. § 2254. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827 (1973). Preiser, Heck, and their progeny mean one thing for a state prisoner, like Davison, seeking relief under § 1983:

> a state prisoner's § 1983 action is barred (absent prior invalidation [of the underlying conviction])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242 (2005) (emphasis in original); see also Edwards v. Balisok, 520 U.S. 641, 648, 117 S. Ct. 1548 (1997); Henry v. Purvis, 111 F. App'x 622, 623-24 (2d Cir. 2004); Amaker v. Weiner, 179 F.3d 48, 51-52 (2d Cir. 1999) (affirming dismissal of § 1983 claims under Heck and applying the principles of Heck to also bar claims under 42 U.S.C. §§ 1981, 1985(3), and 1986).

Though plaintiff does not challenge his conviction outright, "his claims inherently rest on the alleged unconstitutionality of defendants' investigation and prosecution of his criminal case." Rosato v. New York Cnty. District Attorney's Office, *et al.*, No. 09 Civ. 3742, 2009 WL 4790849, at *4 (S.D.N.Y. Dec. 14, 2009). Granting relief, therefore, "on any of plaintiff's claims would require finding that defendants acted in violation of his fundamental due process rights, which would necessarily impugn his conviction." Id.

Without doubt, that is the case here. Davison alleges that defendants Kellner and DeGaetano

4

altered and destroyed exculpatory evidence, which resulted in his wrongful conviction. He likewise claims defendants Reyes and Nolan modified the transcript of his trial in such a manner as to deny him the opportunity to overturn his conviction on appeal. With respect to the allegations against Kellner and DeGaetano, these claims "sound[] under [Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963)] . . ., and therefore do[] indeed call into question the validity of [Davison's] conviction. Accordingly, [they are] barred by Heck." Amaker, 179 F.3d at 51.

The claims against the two court reporters are premised on the proposition that the deficiencies in the trial transcripts were so great that "his constitutional rights on appeal were violated; that [too] is a direct challenge to the validity of the conviction and the legality of plaintiff's confinement." Tedford v. Hepting, 990 F.2d 745, 749 (3d Cir. 1993), cert. denied, 510 U.S. 920, 114 S. Ct. 317 (1993); Nash v. Rabner, No. 06-cv-5540, 2007 WL 776750, at *4-5 (D.N.J. March 12, 2007); see also Pigott v. Vega, 95 F.3d 1146 (1st Cir. 1996); Rodriguez v. Carhart, 73 F.3d 355 (1st Cir. 1996); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1370-71 (S.D. Fla. 2000).[2]

Since Davison's conviction has not been invalidated in any way, and the essence of his complaints against all defendants lies "within the core of habeas corpus," Preiser, 411 U.S. at 487, he has no cause of action under § 1983. His sole remedy for such complaints is under 28 U.S.C. § 2254. See Heck, 512 U.S. at 489. The instant complaint, therefore, must be, and hereby is, dismissed without prejudice to a timely re-filing should his convictions be set aside. See Amaker, 179 F.3d at 52. There is no need to consider defendants' alternative grounds for dismissal. Id.

---

[2] To the extent Davison seeks to bring a § 1983 claim against the court reporters premised on a depravation of fair procedures, see Wilkinson, 544 U.S. at 79-80, 82, it still would fail because New York provides adequate post-deprivation procedures to redress alleged discrepancies in transcripts, see Curro v. Watson, 884 F. Supp. 708, 718 (E.D.N.Y. 1995), aff'd, 100 F.3d 942 (2d Cir. 1996); see also Krebel v. New York City Dep't of Housing Preservation and Dev., 959 F.2d 395, 404 (2d Cir. 1992). It is of no moment that plaintiff failed to avail himself of these procedures when he had the chance. Curro, 884 F. Supp. at 717; Davison, 937 N.Y.S.2d at 865.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. The complaint is dismissed without prejudice for failure to state a claim. Plaintiff may re-file this suit *only* if his convictions are overturned on appeal or are otherwise invalidated as detailed above.

The Clerk is directed to enter judgment in accordance with this Memorandum and Order and to close the case.

**SO ORDERED**

Dated: Brooklyn, New York
March 14, 2012

ERIC N. VITALIANO
United States District Judge